**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CYNTHIA HALL,<br><br>           Plaintiff,<br><br>v.<br><br>MORTGAGEIT, INC., et al.,<br><br>           Defendants. | 2:09-CV-2233 JCM (GWF) |

**ORDER**

Presently before the court is defendants Countrywide Home Loans, Inc.'s and Mortgage Electronic Registration Systems, Inc.'s (hereinafter "MERS") motion to dismiss for failure to state a claim (doc. #50). Defendant MortgageIt, Inc., has joined Countrywide's and MERS' motion. (Doc. #61). Defendant Chicago Title has also moved to dismiss the complaint (doc. #53). Plaintiff Cynthia Hall has opposed defendants Countrywide Home Loans, Inc.'s and MERS' motion to dismiss and alternatively has requested leave to amend (doc. #57), to which defendants Countrywide and MERS have filed a reply (doc. #60).

Plaintiff's complaint (doc. #1) stems from the alleged wrongful foreclosure on her property located at 1361 Cranston Ct., Las Vegas, Nevada. In January of 2007, plaintiff executed two promissory notes with MortgageIt and secured the notes with first and second deeds of trust (doc. #50). The deeds of trust were recorded with MERS as the nominee of the beneficiary (doc. #50). In July of 2008, plaintiff's home was foreclosed upon due to her default on the first deed of trust (doc. #50).

**James C. Mahan**
**U.S. District Judge**

1   Plaintiff commenced her suit in 2009 in the Eighth District Court of Clark County, Nevada, which was then later removed to the MERS multi-district litigation ("MDL") in the U.S. District Court, District of Arizona (doc. #57). The Honorable Judge Teilborg of the MERS court remanded to this court claims unrelated to the formation and/or operation of the MERS system on May 17, 2010 (doc. #26). The MDL court recently dismissed plaintiff's remaining non-remanded claims due to plaintiff's failure to respond to defendants' March 2011 motion to dismiss (doc. #51).

As to the remanded claims before this court, a month after the defendants filed a motion to dismiss these claims in June of 2010, plaintiff filed for bankruptcy. Thereafter, plaintiff filed a motion to stay (doc. #45). Because the property was sold before bankruptcy was filed, defendants filed a motion to lift the stay, which was granted when plaintiff failed to file an opposition and failed to appear for the hearing on the motion (doc. #51). Thus, the defendants' present motions are properly before the court as the stay has now been lifted (doc. #51).

The remanded claims, which are the subjects of the instant motion to dismiss, consist of claims (3) fraudulent concealment, (4) unconscionability, and part of claim (5) unjust enrichment (doc. #26). These claims deal with the "loan origination and collection practices, or otherwise stray from the common factual core of the MDL (multi-district litigation)." (Doc. #26).

**I.   Chicago Title's Motion to Dismiss**

Defendant Chicago Title is also seeking to dismiss remanded claims three, four, and five against it (doc. #53). Plaintiff to date has not filed a response to defendant Chicago Title's motion to dismiss. Local Rule 7-2 treats an opposing party's failure "to file points and authorities in response to any motion" as "consent[ing] to the granting of the motion." *But see Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 2003) (suggesting courts cannot dismiss a case solely because a party did not comply with the local rules). However, in considering the present motion along with the *Ghazali* factors, the court dismisses the claims against defendant Chicago Title without prejudice.

**II.   Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

James C. Mahan
U.S. District Judge

- 2 -

1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

      **A.**    **Fraudulent Concealment**

Plaintiff's third claim for relief, fraudulent concealment, alleges that defendants failed to inform the plaintiff that, based solely on her stated income, her credit rating, and the ratio of her assets and liabilities, she could not qualify for the subject loans.

Fraudulent concealment occurs when a seller of real or personal property purposely conceals information about the item being purchased that would be material to the purchaser's decision to purchase the property. *See Villa v. First Guar. Financial Corp.*, No. 2:09-cv-02161-GMN-RJJ, 2010 WL 2953954, at *4 (D. Nev. July 23, 2010). The claim consists of five elements:

> (1) [T]he defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; that is, the defendant concealed or suppressed the fact for the purpose of inducing the plaintiff to act differently than she would have if she had known the fact; (4) the plaintiff was unaware of the fact and would have acted differently if she had known of the concealed or suppressed fact; (5) and, as a result of the concealment or suppression of the fact, the plaintiff sustained damages.

*Dow Chemical Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998), *overruled in part on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001).

However, the claim asserted in the complaint is essentially one of "suitability" labeled as "fraudulent concealment." *See also Villa*, 2010 WL 2953954, at *4 (suggesting that the plaintiffs' fraudulent concealment claim, on the basis that the lender failed to inform plaintiffs that they would not qualify for the loan, was essentially a "suitability" claim for relief). Plaintiff alleges that the defendants had a duty to issue a loan suitable to plaintiff's financial situation. She also claims that she was not adequately informed about the full terms of the loan agreement, interest rate, risks and disadvantages of the loan. However, the court, viewing the complaint in a light most favorable to

the plaintiff, will evaluate the claim under both standards.

Assuming this is a "suitability" claim, which concerns the relationship between lenders and borrowers, lenders do not owe borrowers fiduciary duties, a finding of which would be required to sustain such a claim. *See Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir. 2007) (suggesting that the Nevada Supreme Court would not recognize a fiduciary relationship as a matter of law between a lender and borrower); *Weingartner v. Chase Home Fin. LLC*, 707 F.Supp.2d 1276, 1288 (D. Nev. 2010) (noting that a fiduciary duty exists in Nevada between doctor and patient, between attorney and client, but not between lender and debtor – indeed such parties are "adversaries, not fiduciaries.").

Moreover, the lender's efforts to determine creditworthiness and ability to repay by a borrower are for "the lender's protection, not the borrower's." *Renteria v. United States*, 452 F.Supp.2d 910, 922–23 (D. Ariz. 2006) (noting that the borrower has a duty to rely on their own judgment and risk assessment to determine whether or not to accept the loan). Furthermore, even assuming such a duty existed, plaintiff does not allege that she relied on defendants to verify her income. Rather, plaintiff included the information on the loan application herself. Finally, the terms of the loan are clear; although somewhat complex, they are not concealed.

Even evaluating the claim as one of fraudulent concealment, the claim fails. Plaintiff does not explain how the defendants could be responsible for any misrepresentations or omissions when they did not participate in the loan origination process or communicate with the plaintiff regarding loan origination whatsoever (doc. #50). To meet the standard of Federal Rule of Civil Procedure 9(b), the plaintiff must present details regarding the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). Plaintiff has failed to meet this higher pleading standard. Accordingly, claim three is dismissed.

### B.     Unconscionability

Plaintiff has dismissed her unconscionability claim against defendants MERS and Countrywide Home Loans, Inc. (doc. #57). She seeks to amend this claim only as to defendant

James C. Mahan
U.S. District Judge

- 4 -

1  MortgageIt (doc. #57).

2  Unconscionability is not a claim for relief, but rather is a defense to a breach of contract
3  claim; therefore, plaintiff's claim will be treated as a request for declaratory judgment that the
4  mortgage is unconscionable and unenforceable. *See Villa*, 2010 WL 2953954, at *5. Generally, both
5  procedural and substantive unconscionability must be present in order for a court to exercise its
6  discretion to refuse to enforce a contract on this ground. *Burch v. County of Washoe*, 49 P.3d 647,
7  650 (Nev. 2002); *see also Villa,* 2010 WL 2953954, at *5 (stating plaintiffs' claim for
8  unconscionability with regards to their mortgage default was implausible because there was no
9  procedural unconscionability, hence the court need not consider substantive unconscionability).

10  Procedural unconscionability exists when a party lacks a meaningful opportunity to agree
11  to a contract's terms; it often involves the use of fine print or complicated, misleading language.
12  *D.R. Horton, Inc. v. Green*, 96 P.3d. 1159, 1162 (Nev. 2004). A contract is substantively
13  unconscionable when the contract's terms and the circumstances at the time of the execution are so
14  one-sided as to oppress or unfairly surprise an innocent party. *Guerra v. Hertz Corp.*, 504 F.Supp.2d
15  1014, 1021 (D. Nev. 2007) (citation omitted).

16  Here, the plaintiff's claim for unconscionability fails. She does not claim she lacked a
17  meaningful opportunity to agree to the contract terms, nor does she allege that the terms of the loan
18  agreement are substantively unconscionable. Furthermore, the procedures and processes concerning
19  home loans and mortgages are strictly regulated by numerous federal acts including the Truth In
20  Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; the Home Ownership and Equity Protection Act
21  ("HOEPA"), within Regulation Z, 12 C.F.R. § 226; and the Real Estate Settlement Procedures Act
22  ("RESPA"), 12 U.S.C. § 2601 *et seq*. The defendants have to abide by these standards to ensure that
23  the loans made to the plaintiff are substantively fair. Plaintiff has not alleged that the defendants
24  failed to do so here.

25  Even had plaintiff asserted claims under TILA or RESPA on the face of the complaint, her
26  claims are nonetheless time-barred under the applicable one-year statute of limitations. *See* 15
27  U.S.C. § 1640(e); 12 U.S.C. § 2614. Therefore plaintiff's claim of unconscionability is dismissed

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

as to defendant MortgageIt.

### C. Unjust Enrichment

Plaintiff's fifth claim for relief alleges unjust enrichment (doc. #1). Unjust enrichment is a quasi-contract theory that allows the court to prevent "the unjust retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Asphalt Products Corp. v. All Star Ready Mix, Inc.*, 898 P.2d 699, 701 (Nev. 1995). However, "an action for unjust enrichment is not available when there is an express written contract, because no agreement can be implied when there is express agreement." *Leasepartners Corp. v. Robert L.. Brooks Trust*, 924 P.2d 182, 187 (Nev. 1997).

Whereas the court has declined to rescind the contract as unconscionable under claim four, an "express agreement" exists between the parties. Accordingly, plaintiff has not alleged a viable claim of unjust enrichment, and claim five is dismissed. *See Topaz Mut. Co., Inc. v. Marsh*, 839 P.2d 606, 613 (Nev. 1992) (finding that an unjust enrichment cannot lie where there is an express written agreement) (citation omitted).

### III. Motion to Amend

In plaintiff's reply (doc. #57), she asks this court for leave to amend her complaint. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires," and absent a showing of an "apparent reason," such as undue delay, bad faith, dilatory motive, prejudice to the defendants, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). Furthermore, the local rules of federal practice in the District of Nevada require that a plaintiff submit a proposed amended complaint along with a motion to amend. LR 15-1(a).

Here, plaintiff has not complied with Local Rule 15-1(a) and has failed to attach a proposed amended complaint to her motion. However, the court also notes that this does not provide, on its own, sufficient grounds to deny the motion to amend. Before dismissing an action for noncompliance with a local rule, the district court is required to weigh several factors: "(1) the

James C. Mahan
U.S. District Judge

- 6 -

public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Weighing the factors identified in *Ghazali*, the court finds that amendment would be futile. Plaintiff has not shown how amending the complaint will cure any of its defects listed above. *See Universal Mortg. Co., Inc. v. Prudential Ins. Co.*, 799 F.2d 458, 459-460 (9th Cir. 1986) (stating that there is no need to grant amendment when it would be futile) (citation omitted).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Hill's motion to amend (doc. #57) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that defendants MortgageIt Inc.'s, Countrywide Home Loans, Inc.'s, and MERS' motion to dismiss (doc. #50) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant Chicago Title's motion to dismiss (doc. #53) be, and the same hereby is, GRANTED.

DATED July 6, 2011.

_____
UNITED STATES DISTRICT JUDGE